IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION


| | | |
|---|---|---|
| BOBBY J. GRINDLE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. |
| | : | **3:04-CV-71 (CDL)** |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

_____

**RECOMMENDATION**

On August 17, 2000, plaintiff filed an application for disability insurance benefits; on June

30, 2000, plaintiff filed an application for Supplemental Security Income benefits.  The claim

was denied initially and on reconsideration, and a hearing was held on October 9, 2001.  The

Administrative Law Judge (ALJ) denied the claimant's application by an order dated April 15,

2002, finding plaintiff was not disabled.  Claimant sought review by the Appeals Counsel, which

was denied, making the ALJ's decision the final decision by the Commissioner.  Claimant filed

the present action on July 19, 2004.   Jurisdiction arises under 42 U.S.C. § 405(g).  All

administrative remedies have been exhausted.

The ALJ found that plaintiff had "severe" impairments of cervical and lumbar disc disease

and headaches, but retained the residual functional capacity to perform light work, including her

past relevant work as a waitress and sewing machine operator.  The ALJ noted the lack of

medical evidence in the record, and the lack of objective evidence to support plaintiff's

subjective complaints of disabling pain in support of her conclusion.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of

impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from

returning to his previous work;  and (5) whether claimant is disabled in light of age, education,

and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984).

Should a person be determined disabled or not disabled at any stage of the above analysis, further

inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an

impairment set forth in the listings, the claimant is adjudged disabled without considering age,

education, and work experience.  20 C.F.R. § 404.1520(d).

   The only issue raised by plaintiff in this action is the assertion that new evidence justifies

remand for consideration by the Commissioner.  New evidence submitted to the Appeals Council

subsequent to the ALJ's decision is part of the administrative record.  Keeton v. Dept. of Health

and Human Services, 21 F.3d 1064 (11th Cir. 1994).  The court may review this additional

evidence to determine whether it warrants a remand.  42 U.S.C. § 405(g).  To obtain a remand,

however, the plaintiff must show that: 1) the evidence is new and noncumulative; 2) the evidence

is material; and 3) there was good cause for failure to submit the evidence to the ALJ.  Caulder v.

Bowen, 791 F.2d 872, 879 (11th Cir. 1986).  Material evidence is that which has a reasonable

possibility of altering the ALJ's decision.  Wright v. Heckler, 734 F.2d 696 (11th Cir. 1984).

   While plaintiff's appeal to the Appeals Council was pending, she was seen by two additional

medical providers.[1]  Dr. Schacher examined plaintiff in February of 2003, and diagnosed her with

chronic pulmonary obstructive disease (COPD) and flexion deformity, as well as chronic

depression, which has lasted "over at least 25 years," and further suggested that some of

---

[1]According to plaintiff's counsel, these records were not included in the record, and are instead attached as Appendices to the brief, tab 11.

plaintiff's pain might be psychosomatic in nature, thereby recommending that plaintiff have a psychiatric examination.  (Tab 11,  App. 1, 3).

Plaintiff was given a psychological examination in April of 2003 by Dr. Bach, who diagnosed plaintiff with a generalized anxiety disorder, dysthemic disorder, pain disorder associated with psychological factors and due to general medical condition, alcoholism in remission, and borderline intellectual functioning with a full-scale IQ of 79.  (Tab 11,   App. 15-19).  Dr. Bach concluded that plaintiff could follow simple instructions, but that her ability to interact with the public or with co-workers was "quite poor due to active depression and marked anxiety."  (Tab 11, App. 19).

The Appeals Council denied plaintiff's request, stating that the new evidence did not relate to the period under review, which was through the date of the ALJ's decision of April 15, 2002, and noted that the evidence is already of record in the subsequent claim plaintiff filed on August 30, 2002.  That claim has apparently not been concluded as of this date.

Very little medical evidence is contained within the file, plaintiff not having sought much medical care for her health issues during the period in question.  However, the new evidence does offer some insight into plaintiff's mental condition during the relevant time period, in that she was diagnosed with chronic depression and other mental disorders that, according to the two medical providers, have been present for some time, including during the period under consideration.  The new evidence is also relevant and material to plaintiff's subjective complaints of disabling pain, as the ALJ found little objective evidence in the record to support plaintiff's complaints.  The new evidence, especially the evidence of a psychosomatic basis to plaintiff's pain, could change the outcome of the ALJ's conclusion.

*Conclusion*

Consequently, it is the RECOMMENDATION of the undersigned that the Commissioner's

decision be **REMANDED** pursuant to Sentence Six of § 405 (g) for consideration of the new

medical evidence.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to

this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN

TEN (10) DAYS of receipt thereof.


**SO RECOMMENDED**, this 15th day of April, 2005.

> //S Richard L. Hodge
> RICHARD L. HODGE
> UNITED STATES MAGISTRATE JUDGE

msd